UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HAUB ENTERPRISES LLC,

                Plaintiff,

   -against-

SUNSET WINDOWS NY CORP., *et al.*,

                Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
23 CV 8209 (FB) (CLP)

**POLLAK**, United States Magistrate Judge:

    On November 3, 2023, plaintiff Haub Enterprises LLC ("plaintiff") commenced this action against defendants Sunset Windows NY Corp. ("Sunset"), Glass Plus LI Inc. ("Glass Plus"), and Luxury Glass Corp. ("Luxury Glass") (collectively, "the defendants"). (Compl.[1]). Plaintiff asserts breach of contract and deceptive acts and practices claims against all defendants and products liability and fraud and deceit claims against Sunset. (Id.) These claims arise out of plaintiff's purchase of products, including windows and doors, for one of its properties and the subsequent installation and repairs of these products. (Id.)

    Luxury Glass was served on November 17, 2023. (ECF No. 12). Glass Plus and Sunset were served on November 29, 2023. (ECF Nos. 6, 7). Despite proper service on Glass Plus and Luxury Glass, these parties failed to respond, and the Clerk of Court entered default against them, respectively, on January 5, 2024, and January 26, 2024. (ECF Nos. 11, 14). Sunset also initially defaulted. (ECF No. 11). However, plaintiff stipulated with Sunset to vacate the Clerk's Default and extend Sunset's window to respond to the Complaint (ECF. No. 17); the case is currently proceeding against Sunset.

---

[1] Citations to "Compl." refer to plaintiff's Complaint filed on November 3, 2023 (ECF No. 1).

On February 29, 2024, plaintiff moved for entry of default judgment against Glass Plus and Luxury Glass. (See Mot. [2]). For the reasons stated below, this Court respectfully recommends that the District Court deny plaintiff's motion without prejudice.

## FACTUAL BACKGROUND

Plaintiff is a New Jersey-based real estate development company. (Compl. ¶ 5). Plaintiff alleges that on July 28, 2021, it contacted the owner of Sunset to purchase sliding glass doors, hinged doors, windows, glass panes, and a glass railing for a property it owns in Cliffside Park, New Jersey (the "Property"). (Id. ¶¶ 6, 12). Plaintiff paid Sunset for the order. (Id. ¶ 19). Subsequently, through a series of communications ranging from April 28, 2022, to October 31, 2022, plaintiff complained to Sunset about defects in the sliding doors. (Id. ¶¶ 20, 21). Plaintiff alleges that despite these complaints, and Sunset's acknowledgement of some defects, Sunset did not fix the sliding doors. (Id. ¶¶ 21, 22). Plaintiff also states that Sunset provided other inadequate products and failed to fulfill plaintiff's entire order. (Id. ¶¶ 23-28).

Sunset then referred Glass Plus to plaintiff to repair the sliding doors and windows. (Id. ¶ 29). Plaintiff alleges, among other issues raised, that Glass Plus improperly removed and reinstalled multiple sliding doors and windows, improperly installed hinges, applied excessive caulk in some areas while failing to apply caulk in other areas, and scratched the doors and windows. (Id. ¶ 33). Sunset then referred Luxury Glass to plaintiff to repair the outstanding issues. (Id. ¶ 36). Plaintiff alleges that Luxury Glass also performed faulty repairs, including improperly removing and reinstalling multiple windows and doors, improperly installing hinges, and applying excessive amounts of caulk. (Id. ¶ 42).

Plaintiff states that the sliding doors are heavy and can barely open, the windows and

---

[2] Citations to "Mot." refer to plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Entry of Default Judgment Against Glass Plus LI Inc. & Luxury Glass Corp. filed on February 29, 2024 (ECF No. 20-1).

doors are scratched, and the Property is not properly insulated because of defendants' actions. (Id. ¶¶ 43-45). As a result, plaintiff claims it has been damaged in excess of $804,000. (Id. ¶¶ 51, 56, 61).

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. See id.; see also Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. See Fed. R. Civ. P. 55(b).

The Second Circuit has warned that default judgment is an extreme remedy that should be used only when the need to move a case forward expeditiously trumps a party's right to be heard before a court of law. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96.

In this case, plaintiff seeks entry of a default judgment against two of the three defendants. Since the third remaining defendant is continuing to litigate and mount a defense in the litigation, the Court must consider whether entering a default judgment against the other two

3

defendants is premature at this point. Bleecker v. Zetian Sys., Inc., No. 12 CV 2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing Chloe v. Zarafshan, No. 06 CV 03140, 2009 WL 2956827, at *4 (S.D.N.Y. Sept. 15, 2009)).

Before entering a final judgment as to some of the parties in an action but not all, the Court must "expressly" determine that there is no reason to delay judgment against those parties. Fed. R. Civ. P. 54(b). There are no "fixed criteria" guiding the application of this rule. Mitchell v. Lyons Pro. Servs., Inc., 727 F. Supp. 2d 116, 119 (E.D.N.Y. 2010) (citing Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980)). Rather, "[t]he decision of whether to enter a final judgment against some but fewer than all of the parties in an action is left to the sound discretion of the district court." Abbott Lab'ys v. Adelphia Supply USA, No. 15 CV 5826, 2020 WL 7643213, at *2 (E.D.N.Y. Dec. 23, 2020) (citing Bleecker v. Zetian Sys., Inc., 2013 WL 5951162, at *6).

Courts in this Circuit have "consistently delayed" rendering default judgments, "even where a plaintiff seeks joint and several liability[,] in order to avoid the problems of dealing with inconsistent damage determinations." Unitrans Colsol., Inc. v. Classic Closeouts, LLC, No. 09 CV 2098, 2010 WL 1265206 (E.D.N.Y. Mar. 31, 2010) (internal citations and quotations omitted). Default judgment also "cannot be issued where the relief requested would prejudice actively litigating defendants." Knowles-Carter v. Feyonce, Inc., No. 16 CV 2532, 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23, 2017). Furthermore, the Court finds no advantage in resolving only liability and delaying a damages determination if, for the reasons stated above, it would be premature to grant relief. See Lemache v. Tunnel Taxi Mgmt., LLC, 354 F. Supp. 3d 149, 156 (E.D.N.Y. 2019) (stating that "there is no advantage or purpose served on resolving only the liability portion of the motion for default judgment").

With respect to plaintiff's breach of contract claims, plaintiff seeks $804,000 in damages from the defendants. (Compl. ¶¶ 47-61). Plaintiff asserts that each of the defendants is jointly and severally liable for the total damages amount. (Mot. at 7). Where, as here, "a unitary damages figure is sought against defaulting and non-defaulting defendants alike, there is a risk that logically inconsistent awards [could] be entered." Abbott Lab'ys v. Adelphia Supply USA, 2020 WL 7643213, at *4; see also Harvey v. Home Savers Consulting Corp., No. 07 CV 2645, 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008). Thus, with respect to plaintiff's breach of contract claims, the Court respectfully recommends that plaintiff's motion for default judgment against Glass Plus and Luxury Glass be denied without prejudice and with leave to refile once plaintiff's claims against Sunset are resolved and the risk of inconsistent judgments is obviated.

With respect to plaintiff's deceptive acts and practices claims, plaintiff seeks to recover actual damages, up to $1,000 in additional damages for knowing violations, and reasonable attorney's fees from each of the defendants. (Mot. at 8 (citing N.Y. Gen. Bus. L. § 349)). The deceptive acts and practices claims against Glass Plus and Luxury Glass are based in part on the allegation that they "stated [they] could fix the *issues* with Sunset's products." (Compl. ¶¶ 75, 79) (emphasis added). Since the existence and extent of issues with Sunset's products is actively being litigated, granting default judgment would risk inconsistent judgments and adversely prejudice Sunset in defending against the claims in this action. See Knowles-Carter v. Feyonce, Inc., 2017 WL 11567528, at *5. Thus, with respect to plaintiff's deceptive acts and practices claims, the Court respectfully recommends that plaintiff's motion for default judgment against Glass Plus and Luxury Glass be denied without prejudice and with leave to refile once plaintiff's claims against Sunset are resolved.

CONCLUSION

Considering the foregoing, the Court respectfully recommends that the District Court deny plaintiff's motion for default judgment without prejudice to renew once the claims against Sunset have been resolved.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiff is directed to promptly serve a copy of this Report and Recommendation on Glass Plus and Luxury Glass and file proof of service.

**SO ORDERED.**

Dated: Brooklyn, New York
July 19, 2024

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York