UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
HAUB ENTERPRISES LLC,

                Plaintiffs,                    **MEMORANDUM AND ORDER**
                                                    Case No. 23-cv-8209-FB-CLP

  -against-

SUNSET WINDOWS NY CORP., *et al.*,

                Defendants.
------------------------------------------------x

*Appearances:*
*For the Plaintiff*:
RANIA V. SEDHOM
Sedhom Law Group, PLLC
630 Fifth Avenue, Suite 2508
New York, NY 10111

**BLOCK, Senior District Judge:**

      On November 3, 2023, Plaintiff Haub Enterprises LLC ("Plaintiff") commenced this action against Defendants Sunset Windows NY Corp. ("Sunset"), Glass Plus LI Inc. ("Glass Plus"), and Luxury Glass Corp. ("Luxury Glass") (collectively, "Defendants"), asserting breach of contract and deceptive acts and practices claims against all Defendants and products liability and fraud and deceit claims against Sunset. These claims arise out of Plaintiff's purchase of products, including windows and doors, for one of its properties and the subsequent installation and repairs of these products.

      Luxury Glass was served on November 17, 2023, and Glass Plus and Sunset were served on November 29, 2023. Despite proper service on Glass Plus and

Luxury Glass, these parties failed to respond, and the Clerk of Court entered default against them, respectively, on January 5, 2024, and January 26, 2024. While Sunset also initially defaulted, Plaintiff stipulated with Sunset to vacate the Clerk's Default and extend Sunset's window to respond to the Complaint; the case is currently proceeding against Sunset. On February 29, 2024, Plaintiff moved for entry of default judgment against Glass Plus and Luxury Glass.

On July 19, 2024, Magistrate Judge Pollak issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion without prejudice and with leave to refile once Plaintiff's claims against Sunset are resolved and the risk of inconsistent judgments is obviated. Because one Defendant, Sunset, is continuing to litigate and mount a defense in the litigation, Magistrate Pollak considered whether entering a default judgment against the other two Defendants would be premature at this point. She found that delaying default judgment was appropriate because of the risk of inconsistent damage determinations against the Defendants, whom Plaintiff alleges are jointly and severally liable.

Magistrate Pollack's R&R gave the parties fourteen days to file objections, i.e., until August 2, 2024, and warned that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." R&R at 6.

No objections have been filed. If clear notice has been given of the consequences of failing to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citations omitted)). The Court will, however, excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No error, plain or otherwise, appears on the face of the R&R. Accordingly, the Court adopts the R&R without *de novo* review. Plaintiff's motion for default judgment is dismissed without prejudice to renew once the claims against Sunset have been resolved.

**SO ORDERED.**

                                                    _/S/ Frederic Block_____
                                                    FREDERIC BLOCK
                                                    Senior United States District Judge

Brooklyn, New York
August 6, 2024